FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 OCT 29 PM 3:09

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

| | |
|---|---|
| INTERLINE BRANDS, INC., a New Jersey for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINX, LTD., a Rhode Island for-profit corporation,<br><br>Defendant.         / | Civil Action: 3:15-cv-1291-J-34JRK |

## COMPLAINT

INTERLINE BRANDS, INC. ("INTERLINE"), by and through undersigned counsel, sues LINX, LTD. ("LINX"). In support, INTERLINE alleges as follows:

### NATURE OF ACTION

1. This is an action for damages and equitable relief arising out of LINX's failure and refusal to unconditionally indemnify and defend INTERLINE for property damage claims allegedly caused by a defective water supply line as asserted in *Allstate Property and Casualty Insurance Co. a/s/o John and Melissa Albert v. Interline Brands, Inc., et al.*, Case No. 14-2-02496-7 SEA, Superior Court of Washington in and for King County (the "Underlying Action").

### PARTIES, JURISDICTION, AND VENUE

2. INTERLINE is a for-profit corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 701 San Marco Boulevard, Jacksonville, Florida 32207.

3. At all times material hereto, INTERLINE conducted business in Duval County, Florida.

4. Upon information and belief, Defendant LINX is a limited for-profit corporation organized and existing under the laws of the State of Rhode Island with its principal place of business at 875 Aquidneck Avenue, Middletown, Rhode Island 02842.

5. At all times material hereto, LINX conducted business in Duval County, Florida.

6. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and INTERLINE is a citizen of Florida and New Jersey and LINX is a citizen of Rhode Island.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because INTERLINE's principal place of business is in this district; LINX conducts business in this district; the causes of action set forth below accrued in this district; and, as set forth more thoroughly below, the parties entered into a contract containing a choice of forum provision for the state or federal courts serving Duval County, Florida.

## THE IMPORT PARTNERSHIP AGREEMENT

8. On December 13, 2010, INTERLINE and LINX entered into an agreement titled "Import Partnership Agreement" for the purchase, sale, and distribution of LINX products. A true and correct copy of the Import Partnership Agreement entered into between INTERLINE and LINX is attached hereto and made a part hereof as **Exhibit 1**.

9. At all times material to the allegations set forth in the Underlying Action, the Import Partnership Agreement was in effect.

10. Pursuant to Paragraph 13 of the Import Partnership Agreement, LINX represented and warranted to INTERLINE "that the products sold by [LINX] to [INTERLINE] are of good quality, material and workmanship, merchantable, fit for the purposes for which they are intended, and free from any and all defects . . . ." (Ex. 1 ¶ 13.1.)

11. Paragraph 15 of the Import Partnership Agreement provides as follows:

> **15. INDEMNIFICATION:**
>
> **15.1** [LINX] agrees to defend, indemnify and hold [INTERLINE], its officers, directors, managers, employees, shareholders, agents and customers (the "Indemnfied Parties") harmless from and against any and all claims, demands, debts, dues, sums of money, proceedings, losses, liabilities, penalties, costs and expenses (including reasonable attorneys' fees and costs) (collectively "Losses") arising or alleged to have arisen out of one or more of the following:
>
> > **a.** the death of or injury to any person or damage to any property which resulted or is alleged to have resulted from any acts or omissions of [LINX], its employees, agents, contractors, subcontractors and/or any other persons for whose conduct [LINX] may be or is alleged to be legally responsible or from the merchandise or its use;
> >
> > **b.** any breaches or alleged breaches of the representations, warranties or guaranties made by [LINX] . . .;
> >
> > . . . .
> >
> > **e.** the negligence or willful misconduct of [LINX]; and/or

      **f.**    [LINX]'s failure to comply with any applicable laws or regulations.

The foregoing agreement to indemnify, defend and hold the Indemnified Parties harmless applies regardless of whether the claim or loss was alleged to have been caused in part by the negligence or fault of [INTERLINE] or any of the Indemnified Parties.

. . . .

**15.6**   Should [LINX] fail to assume its obligations hereunder within fourteen (14) calendar days after receiving notice of a claim for indemnity by [INTERLINE], including its obligation to diligently pursue and pay for the defense of [INTERLINE] within a reasonable time, [LINX] hereby agrees that [INTERLINE] shall have the right, but not the obligation, to proceed on [INTERLINE]'s own behalf to so defend itself and to thereafter require from [LINX] reimbursement and indemnification for any and all costs and expenses (including attorneys' fees) and for any indemnity paid by [INTERLINE] on behalf of [LINX] in connection therewith.

(Ex. 1 ¶ 15.)

    12.    Paragraph 23 of the Import Partnership Agreement provides that "any suit, action, or proceeding arising out of or relating to this Agreement shall be brought in the state or federal courts serving Duval County, Florida . . . ." (Ex. 1 ¶ 23.)

## THE UNDERLYING ACTION

    13.    On or about January 28, 2014, Allstate Property and Casualty Insurance Company ("ALLSTATE") filed the Underlying Action. A true and correct copy of the Complaint filed in the Underling Action is attached hereto and made a part hereof as **Exhibit 2.**

14. The Complaint alleges that Plaintiff, ALLSTATE, was required to pay approximately $260,748 to its insureds, John and Melissa Albert, for water damage caused by the failure of a toilet water supply line. (Ex. 2.)

15. ALLSTATE alleges the subject toilet water supply line was a DuraPro product allegedly sold by INTERLINE. (Ex. 2.)

16. LINX designs, manufactures, sells, distributes, and/or supplies toilet water supply lines, or did so at all times relevant to the Underlying Action. (Ex. 2.)

17. LINX supplied and/or sold its toilet water supply lines to INTERLINE pursuant to the Import Partnership Agreement. (Ex. 2.)

18. INTERLINE sold and/or distributed water supply lines under the DuraPro name supplied to it by LINX. (Ex. 2.)

19. INTERLINE denied the allegations of ALLSTATE's Complaint including that the supply line was a DuraPro product sold by INTERLINE. A true and correct copy of INTERLINE's Amended Answer and Affirmative Defenses and Amended Third-Party Complaint is attached hereto and made a part hereof as **Exhibit 3**.

20. On June 18, 2014, INTERLINE provided notice to LINX of the claim, specifically requesting that LINX defend, indemnify, and hold INTERLINE harmless pursuant to Paragraph 15 of the Import Partnership Agreement. A true and correct copy of the correspondence dated June 18, 2014, is attached hereto and made a part hereof as **Exhibit 4**.

21. On September 1, 2014, LINX responded to INTERLINE's indemnity demand and stated that LINX refused to defend and indemnify INTERLINE in

connection with the Underlying Action. A true and correct copy of the correspondence dated September 1, 2014, is attached hereto and made a part hereof as **Exhibit 5**.

22. On February 27, 2015, INTERLINE filed a third-party complaint against LINX in the Underlying Action for indemnity and breach of contract based upon its failure to defend, indemnify, and hold INTERLINE harmless from the allegations set forth in ALLSTATE's Complaint. (Ex. 3.)

23. LINX answered INTERLINE's Third-Party Complaint denying its obligation to defend, indemnify, and hold INTERLINE harmless and raising an affirmative defense of improper venue as the Import Partnership Agreement requires any suit, action, or proceeding arising out of the contract to be brought in the state or federal courts serving Duval County, Florida. A true and correct copy of LINX's Answer to INTERLINE's Amended Third-Party Complaint is attached hereto and made a part hereof as **Exhibit 6**.

24. LINX continues to refuse and fail to defend, indemnify, and hold INTERLINE harmless in connection with the Underlying Action.

## COUNT I
## CONTRACTUAL INDEMNITY

25. INTERLINE re-alleges and re-avers the allegations of Paragraphs 1 through 24 hereof, as if fully set forth herein.

26. This is an action for damages seeking relief at law under the terms of the Import Partnership Agreement.

27. INTERLINE and LINX entered into the Import Partnership Agreement for the purchase, sale, and distribution of LINX products. (*See* Ex. 1.)

28. LINX represented and warranted "that the products sold by [LINX] to [INTERLINE] are of good quality, material and workmanship, merchantable, fit for the purposes for which they are intended, and free from any and all defects . . . ." (Ex. 1 ¶ 13.1.)

29. Pursuant to Paragraph 15 of the Import Partnership Agreement, LINX agreed to defend, indemnify, and hold INTERLINE, its officers, directors, managers, employees, shareholders, agents and customers harmless from and against any and all claims, demands, debts, dues, sums of money, proceedings, losses, liabilities, penalties, costs and expenses (including reasonable attorneys' fees and costs) arising out of the claims alleged against INTERLINE in the Underlying Action. (*See* Ex. 1 ¶ 15.)

30. ALLSTATE has alleged a DuraPro toilet water supply line, manufactured by LINX and sold to and distributed by INTERLINE pursuant to the Import Partnership Agreement failed, and is seeking damages against INTERLINE in the Underlying Action in connection therewith. (*See* Ex. 2.)

31. INTERLINE has demanded performance of the indemnity obligations in the Import Partnership Agreement, and LINX has failed or refused to meet the obligations of the Import Partnership Agreement. (*See* Exs. 4, 5, 6.)

32. The damages alleged by ALLSTATE, if proven, are the direct result of LINX's acts or omissions; breaches of representations, warranties or guarantees; negligence; or failure to comply with applicable laws or regulations.

33. If ALLSTATE's allegations are proven true, INTERLINE is merely vicariously, constructively, derivatively, or technically liable for the alleged damages resulting from the allegedly defective water supply line, and will thereby suffer damages.

34. Pursuant to the terms of the Import Partnership Agreement, INTERLINE is entitled to indemnification from LINX for amounts that INTERLINE may be required to pay by way of settlement or judgment to ALLSTATE, together with attorneys' fees and costs incurred in defense of these claims.

35. All conditions precedent to INTERLINE bringing this claim have been satisfied or waived.

WHEREFORE, Plaintiff, INTERLINE BRANDS, INC., prays that this Court enter a final judgment in its favor against LINX, LTD., for all monetary amounts incurred by INTERLINE with respect to the Underlying Action, including the amount of any liability, by judgment or settlement, assessed against INTERLINE and the amount of all attorneys' fees and costs incurred by INTERLINE in defending the claims alleged against INTERLINE in the Underlying Action, the amount of all attorneys' fees and costs incurred by INTERLINE to prosecute this Action, and for such further relief as this Court deems just and equitable.

### COUNT II
### COMMON LAW INDEMNITY

36. INTERLINE re-alleges and re-avers the allegations of Paragraphs 1 through 24 hereof, as if fully set forth herein.

37. This is an action for damages seeking relief at common law and in equity.

38. There exists a special relationship between INTERLINE and LINX arising out of the parties' business dealings.

39. ALLSTATE is claiming damages in the Underlying Action against INTERLINE that, if true, arise out of LINX's acts or omissions; breaches of representations, warranties or guarantees; negligence; or failure to comply with applicable laws or regulations.

40. If ALLSTATE's allegations are true, LINX breached its special relationship with INTERLINE by manufacturing, or otherwise supplying to INTERLINE, the defective water supply line claimed by ALLSTATE.

41. INTERLINE is without fault for the design and manufacture of the defective water supply line, and any liability, if found, in the Underlying Action is merely vicarious, constructive, derivative, or technical flowing from the acts or omissions of LINX.

42. As a result of this vicarious, constructive, derivative, and technical liability, INTERLINE will sustain and has sustained damages resulting from LINX's acts or omissions.

43. INTERLINE is entitled to reasonable attorneys' fees and costs it incurred or will incur in defending against ALLSTATE's claims and bringing this Action against LINX, based upon its common law rights.

WHEREFORE, INTERLINE BRANDS, INC., prays that this Court enter a final judgment in its favor against LINX, LTD., awarding INTERLINE all monetary amounts incurred by INTERLINE with respect to the Underlying Action, including the amount of

any liability, by judgment or settlement, assessed against INTERLINE and the amount of all attorneys' fees and costs incurred by INTERLINE in defending the claims alleged against INTERLINE in the Underlying Action, the amount of all attorneys' fees and costs incurred by INTERLINE to prosecute this Action, and for such further relief as this Court deems just and equitable.

## COUNT III
## BREACH OF CONTRACT: DAMAGES

44. INTERLINE re-alleges and re-avers the allegations of Paragraphs 1 through 24 hereof, as if fully set forth herein.

45. This is an action for damages seeking relief at law under the Import Partnership Agreement.

46. There exists a valid and fully enforceable contract between INTERLINE and LINX for the purchase, sale, and distribution of LINX products, the terms of which are memorialized in the Import Partnership Agreement. (*See* Ex. 1.)

47. INTERLINE has fully performed all of its obligations under the Import Partnership Agreement.

48. Pursuant to the Import Partnership Agreement, LINX represented and warranted "that the products sold by [LINX] to [INTERLINE] are of good quality, material and workmanship, merchantable, fit for the purposes for which they are intended, and free from any and all defects . . . ." (Ex. 1 ¶ 13.1.)

49. Pursuant to Paragraph 15 of the Import Partnership Agreement, LINX agreed to defend, indemnify and hold INTERLINE, its officers, directors, managers, employees, shareholders, agents and customers harmless from and against any and all

claims, demands, debts, dues, sums of money, proceedings, losses, liabilities, penalties, costs and expenses (including reasonable attorneys' fees and costs) arising out of the claims alleged against INTERLINE in the Underlying Action. (Ex. 1 ¶ 15.)

50. As a result of the pending claims in the Underlying Action, on or about June 18, 2014, INTERLINE made a demand upon LINX under the Import Partnership Agreement to provide INTERLINE with defense and indemnity. (*See* Ex. 4.)

51. LINX has failed or refused to fully perform its obligations under the Import Partnership Agreement, including but not limited to its obligation to defend, indemnify, and hold INTERLINE harmless from the allegations set forth in the Underlying Action. (*See, e.g.*, Ex. 5, 6.)

52. As a result of LINX's breach of contract, INTERLINE has and will continue to suffer damages including but not limited to the expenditure of funds paid (i) in defense of the Underlying Action, (ii) in resolution of the Underlying Action, (iii) in satisfaction of any liability that may ultimately be determined in favor of ALLSTATE or any other claimant(s) who may hereafter assert claims against INTERLINE, and (iv) in the prosecution of the instant Action.

WHEREFORE, INTERLINE BRANDS, INC., prays that this Court enter a final judgment in its favor against LINX, LTD., awarding INTERLINE its general, special, and consequential damages that have been and/or will be incurred as a result of LINX's breach of the Import Partnership Agreement, its attorneys' fees and costs incurred in the prosecution of the instant action pursuant to the terms of the Import Partnership Agreement, and such other and further relief as this Court deems just and equitable.

## COUNT IV
## BREACH OF CONTRACT:  SPECIFIC PERFORMANCE

53. INTERLINE re-alleges and re-avers the allegations of Paragraphs 1 through 24 hereof, as if fully set forth herein.

54. This is an action for specific performance seeking equitable relief.

55. There exists a valid and fully enforceable contract between INTERLINE and LINX for the purchase, sale, and distribution of LINX products, the terms of which are memorialized in the Import Partnership Agreement.  (*See* Ex. 1.)

56. INTERLINE has fully performed all of its obligations under the Import Partnership Agreement.

57. Pursuant to the Import Partnership Agreement, LINX represented and warranted "that the products sold by [LINX] to [INTERLINE] are of good quality, material and workmanship, merchantable, fit for the purposes for which they are intended, and free from any and all defects . . . ." (Ex. 1 ¶ 13.1.)

58. Pursuant to Paragraph 15 of the Import Partnership Agreement, LINX agreed to defend, indemnify and hold INTERLINE, its officers, directors, managers, employees, shareholders, agents and customers harmless from and against any and all claims, demands, debts, dues, sums of money, proceedings, losses, liabilities, penalties, costs and expenses (including reasonable attorneys' fees and costs) arising out of the claims alleged against INTERLINE in the Underlying Action. (Ex. 1 ¶ 15.)

59. As a result of the pending claims in the Underlying Action, on or about June 18, 2014, INTERLINE made a demand upon LINX under the Import Partnership Agreement to provide INTERLINE with defense and indemnity. (*See* Ex. 4.)

60. Despite INTERLINE's best efforts, LINX has failed and refused to perform its obligations under the Import Partnership Agreement, including but not limited to its obligation to defend, indemnify, and hold INTERLINE harmless from the allegations set forth in the Underlying Action. (*See, e.g.*, Ex. 5, 6.)

61. LINX's failure to defend, indemnify, and hold INTERLINE harmless from the allegations set forth in the Underlying Action pursuant to the Import Partnership Agreement has and continues to cause irreparable harm for which INTERLINE has no adequate remedy at law.

62. INTERLINE is entitled to equitable relief for specific performance of LINX's obligation to defend, indemnify, and hold INTERLINE harmless from the allegations set forth in the Underlying Action.

WHEREFORE, Plaintiff, INTERLINE BRANDS, INC., prays that this Court enter a final judgment in its favor against LINX, LTD., (i) granting INTERLINE specific performance of the Import Partnership Agreement by directing LINX to provide defense and hold INTERLINE harmless from the allegations set forth in the Underlying Action, (ii) awarding INTERLINE all monetary amounts incurred in its defense of the Underling Action, including the amount of any liability, by judgment or settlement, assessed against INTERLINE and the amount of all attorneys' fees and costs incurred by INTERLINE, (iii) awarding INTERLINE its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the Import Partnership Agreement, and (iv) awarding INTERLINE such other and further relief as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

INTERLINE demands a trial by jury for all issues triable as a matter of right.

Respectfully submitted this 29th day of October, 2015.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN, P.C.

        _____
        **Martin H. Sitler, Esquire**
        Florida Bar No. 0079075
        Primary E-mail  mhsitler@mdwcg.com
        Secondary E-mail: plbirch@mdwcg.com
        **Amanda L. Ingersoll, Esquire**
        Florida Bar No. 112969
        Primary E-mail  alingersoll@mdwcg.com
        Secondary E-mail: beraiford@mdwcg.com
        200 West Forsyth Street, Suite 1400
        Jacksonville, FL  32202
        Telephone:  (904) 358-4200
        Facsimile:  (904) 355-0019
        *Counsel for Plaintiff*

14180.06797[LEGAL/102396203.v1]